# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GLENN S. LALE,**
        Petitioner,

    v.                                Case No. 12-C-0411

**JOHN RICHARDS, Superintendent,**
**Sanger B. Powers Correctional Center,**[1]
        **Respondent.**

## ORDER

On November 17, 2011, Glenn S. Lale filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Racine County Circuit Court of driving under the influence. He is currently incarcerated at Sanger B. Powers Correctional Center.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court. Accordingly, respondent will be ordered to file a response to the petition.

---

[1] In his petition, Lale named the State of Wisconsin as the respondent. However, under Rule 2 of the Rules Governing § 2254 Cases, the proper respondent is the state officer having custody of the petitioner, who in this case is John Richards, the Superintendent of the Sanger B. Powers Correctional Center.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and, in accordance with the memorandum of

understanding between this court and the Wisconsin Department of Justice, electronically transmitted to the Attorney General for the State of Wisconsin.

**FINALLY, IT IS ORDERED** that the caption be amended to reflect that John Richards, the Superintendent of the Sanger B. Powers Correctional Center, is the respondent in this case.

Dated at Milwaukee, Wisconsin, this 15th day of May 2012.

s/ Lynn Adelman
LYNN ADELMAN
District Judge