# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GLENN S. LALE,**

    **Petitioner,**

    **v.**                                                             **Case No. 12-CV-411**

**JOHN RICHARDS,**
**Superintendent of the Sanger B.**
**Powers Correctional Center,**

    **Respondent.**

## DECISION AND ORDER ON MOTION TO DISMISS HABEAS CORPUS PETITION

Glenn S. Lale ("Lale"), a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lale alleges that his custody is unlawful on multiple grounds.

The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). Previously, the court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases, allowed the case to proceed, and ordered the respondent to file a response to the petition. Subsequently, the respondent filed a motion to dismiss the habeas petition on the grounds the petition is untimely. (Docket # 9.) The parties have briefed the motion to dismiss and the motion is ready for resolution. For the reasons stated below, the respondent's motion to dismiss will be granted and the petition for writ of habeas corpus will be dismissed.

## BACKGROUND

Lale was convicted of operating a motor vehicle while intoxicated, fifth or greater offense, on December 14, 2005. (Docket # 1 at 2.) Lale was sentenced on the same day. (*Id.*) The judgment of

conviction was entered in Racine County Circuit Court on December 20, 2005. (Docket # 9-1.) Lale did not file a notice to appeal the December 2005 judgment of conviction. (Docket # 1-1 at 4.) Later, Lale was released on extended supervision, but was revoked and reconfined. (*Id.*) On November 10, 2007, Lale filed his first motion for postconviction relief, a motion to withdraw plea. (Docket # 1 at 4.) On May 2, 2012, Lale filed the instant petition for writ of habeas corpus.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the Milwaukee County Circuit Court entered a judgment of conviction against Lale on December 20, 2005. Pursuant to Wis. Stat. § 809.30(2)(b), a party must file a notice of intent to pursue postconviction or postdisposition relief within 20 days after the date of sentencing or final adjudication. "Final adjudication" is defined as the "entry of a final judgment or order by the circuit court . . . ." Wis. Stat. § 809.30(1)(a). Thus, Lale had until January 9, 2006, to file a notice of intent to pursue postconviction relief.

But, Lale did not file a notice of intent to pursue postconviction relief within the 20 day period. (Docket # 9-2 at 11.) Accordingly, under 28 U.S.C. § 2244(d)(1)(A) the one-year clock commenced for Lale on January 9, 2006. This means that Lale had to have filed his federal habeas petition on or before January 9, 2007. Lale did not do so. Instead, Lale filed his federal habeas petition on May 2, 2012, over five years after the statutory deadline.

A properly filed motion for post-conviction relief in state courts tolls the one year habeas statute of limitations, 28 U.S.C. § 2244(d)(2), and Lale did file various motions in state court: motions to withdraw his guilty plea on November 10, 2007 and January 13, 2008 and motions for sentence modification on January 9, 2008 and February 27, 2008. (Docket # 1 at 5-6.) However, Lale's motions for state post-conviction relief were filed after the one year statute of limitations for federal § 2254 petitions had expired. State motions for collateral relief do not give rise to a second

- 3 -

one year limitations period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir.2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'"). Thus, Lale's habeas corpus petition is untimely.

Lale does not contest that his habeas petition is untimely. Rather, he invokes the doctrine of equitable tolling. (Docket # 13 at 1.) Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Lale contends that equitable tolling should apply to his case because his attorney "abandoned" him. (Docket # 13 at 2.) In his affidavit in support of this argument, Lale states that during the December 14, 2005 sentencing hearing, he verbally informed his attorney that he wanted to appeal his conviction. (Docket # 12 at ¶ 3.) Lale further avers that during the course of 2005, he mailed two letters to his attorney to remind him to file an appeal and issues to be raised. (*Id.*) Lale argues that despite these instructions, his attorney did not file a notice of intent to pursue postconviction relief or a notice of appeal on Lale's behalf, nor did he move to withdraw as counsel. (Docket # 13 at 3.) Thus, Lale argues he was "blocked" from representing himself in the action and had no reason to believe that he lacked counsel. (*Id.*)

First, Lale has not demonstrated that he diligently pursued his rights. In *Holland*, the Court, in finding the petitioner diligently pursued his rights, described the petitioner's actions as follows:

> [The petitioner] not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [the petitioner's attorney]—the central impediment to the pursuit of his legal remedy—removed from his case. And, the very day that [the petitioner] discovered that his AEDPA clock had expired due to [the petitioner's attorney's] failings, [the petitioner] prepared his own habeas petition pro se and promptly filed it with the District Court.

130 S. Ct. at 2565. By contrast in this case, beyond the single verbal communication and two letters sent, Lale does not articulate any further action he took to diligently pursue his rights. Specifically, Lale alleges that he instructed counsel in 2005 to file a direct appeal. However, he does not provide any indication that counsel was responsible for also filing his federal habeas petition or that he ever instructed counsel to file a federal habeas petition. Additionally, unlike the petitioner in *Holland*, Lale does not indicate that he followed through in 2006 and 2007 (before the statute of limitations ran out) with the status of his case or verified that his right to pursue federal habeas relief was protected.

Second, Lale has not shown that extraordinary circumstances beyond his control stood in the way of the timely filing of his petition. In *Holland*, the Supreme Court found that "serious instances of attorney misconduct" may constitute "extraordinary circumstances" beyond a petitioner's control. *Id.* at 2564. The Supreme Court summarized the attorney's misconduct as follows:

> Here, [the petitioner's attorney] failed to file [the petitioner's] federal petition on time despite [the petitioner's] many letters that repeatedly emphasized the importance of his doing so. [The petitioner's attorney] apparently did not do the research necessary to find out the proper filing date, despite [the petitioner's] letters that went so far as to identify the applicable legal rules. [The petitioner's attorney] failed to inform [the petitioner] in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite [the petitioner's] many pleas for that information. And [the petitioner's attorney] failed to communicate with his client over a period of years,

- 5 -

> despite various pleas from [the petitioner] that [the petitioner's attorney] respond to his letters.

*Id.*

Here, Lale alleges that his attorney 's conduct constitutes "extraordinary circumstances" because the attorney abandoned him and did not follow his instructions to file his notice of appeal. (Docket # 13 at 2-3; Docket # 14 at 2.) But, Lale's affidavit notwithstanding, the Wisconsin Court of Appeals, in denying Lale's four motions for postconviction relief, found that "undisputed evidence at the postconviction hearing indicated that Lale wrote to his trial counsel after the 2005 sentencing and stated that he was not asking him to appeal anything." (Docket # 1-1 at 4 n.6.) More significantly, Lale does not connect counsel's alleged conduct with the failure to timely file a federal habeas corpus petition prior to the one-year deadline. Again, Lale does not indicate that he ever directed counsel to file a federal habeas petition. Recall in *Holland* petitioner had asked his attorney to file a federal habeas petition and sent him many letters reminding him of the importance of doing so. This is not such a case.

Finally, Lale does not show any impediment to his filing the habeas petition himself within the one-year time limit. He suggests that prohibition against dual representation prevented him from filing a direct appeal. This, however, does not address any prohibition from timely filing his federal habeas petition as there is no indication that the lawyer was also responsible for filing his federal habeas petition.

In the end, under AEDPA, Lale had until January 9, 2007 to file a federal habeas petition challenging his conviction and confinement. He failed to do so. He has also failed to make the required showings to excuse his untimeliness. He has not met his burden to invoke the doctrine of equitable tolling. Thus, Lale's habeas corpus petition was filed in an untimely fashion under 28 U.S.C. § 2244(d) and will be dismissed.

- 6 -

Case 2:12-cv-00411-NJ   Filed 08/17/12   Page 6 of 8   Document 17

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Lale's habeas petition, none of Lale's claims warrant a certificate of appealability. The statutory timeliness of Lale's petition is a straightforward issue, and this Court does not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid

constitutional question that jurists of reason would find debatable. Consequently, the Court will deny Lale a certificate of appealability.

Lale retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for writ of habeas corpus (Docket # 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lale's petition for writ of habeas corpus (Docket # 1) and this action be and hereby are **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 17th day of August, 2012.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge